In re Ernest Eugene YOST, Debtor.

Robert E. WICK, Jr., Trustee, Plaintiff,

v.

Ernest Eugene YOST and Eva L. Yost, Defendants.

Bankruptcy No. 7–84–00625–A.
Adv. No. 7–84–0178.

United States Bankruptcy Court,
W.D. Virginia,
Abingdon Division.

March 14, 1985.

**698**

Zane D. Christian, Bluefield, Va., for debtor/defendant.

Robert E. Wick, Jr., Bristol, Va., trustee/plaintiff.

Mark M. Lawson, Bristol, Va., for trustee.

## MEMORANDUM OPINION

H. CLYDE PEARSON, Bankruptcy Judge.

The issue before the Court is whether or not transfers of corporate stock and real estate pre-petition by the Debtor are recoverable by the Trustee.

Debtor filed a Chapter 7 liquidation petition in this Court on June 27, 1984 seeking a discharge of his indebtedness which, essentially, consists of debts owing to parties with whom he entered a corporate venture as a Pic-Pac convenience store in Claypool Hill, Virginia in October, 1981. The business operated for slightly more than one year and was closed in December, 1982 when a sale of the inventory was made by the parties to one Aaron for approximately $38,000.00, which sum was used to pay primarily trade debts owing by the corporation.

The Debtor, along with one Hunt, Bailey, and Hairfield, formed a corporation, issuing stock in the corporation one-third (⅓) to the Debtor, one-third (⅓) to Hunt, and the other one-third (⅓) in equal shares to Bailey and Hairfield. The parties, apparently with personal endorsements, borrowed $80,000.00 on a ninety-day note to finance the venture. This note was renewed from time to time and, as the business deteriorated and Mr. Hairfield later became deceased and the business was sold to Aaron, the partners' interest focused primarily on payment of the balance remaining due on the note. Mrs. Hairfield, for the estate of her late husband, Hunt, and Bailey sought the cooperation of the Debtor in paying off the balance due. When the Debtor advised that he was unable to pay his share, the note continued to be renewed from time to time.

When the note was renewed in December, 1982, apparently following the sale of the inventory by all the parties, the Debtor, without disclosing to the other parties, transferred to his wife, Eva L. Yost, a Defendant herein, as a gift all his stock in a corporation known as Davenport and Yost of Richlands, Inc. The personal bal-

ance sheet of this corporation in December of 1983 reflects a fair market value of $140,000.00, with a total shareholders' equity of $155,000.00.

Additionally, on December 6, 1982, in consideration of "love and affection", the Debtor further conveyed unto his wife his one-half (½) interest in real estate. Only a few days thereafter, the note was again renewed, with the Debtor's claim that he was unable to pay his share of the joint obligation to the other parties. Again, on January 3, 1983, in consideration of "love and affection", Debtor conveyed his remaining one-half (½) interest in the same real estate to his wife.

The Debtor testified that these transfers were made to satisfy domestic difficulties between the Debtor and his wife which, apparently, arose out of the financial loss in the Pic-Pac venture. The Debtor further testified that the separate transfers of the real estate were for the purpose of claiming federal gift tax exemptions for the separate years in question.

In May, 1983, Hunt, Bailey, and Mrs. Hairfield paid their portions of the corporate obligation on the bank note. At that same time, the Debtor further indicated that he was unable to pay his share. The parties agreed to become co-makers of a promissory note to the bank in payment of the Debtor's obligation. On June 16, 1983, the state court entered judgment upon the obligation against the Debtor. The judgment was never satisfied and is apparently the sole creditor of this Debtor in this Chapter 7 case.

The evidence reflects that at the time the Pic-Pac venture was entered into, the Debtor owned virtually all of the valuable stock in the furniture store known as Davenport and Yost. In addition, he owned valuable real estate, transferred as indicated herein. The Pic-Pac Store venture apparently was losing money from the beginning, as same closed and the inventory was transferred within a period of slightly more than a year after the venture was begun. That deteriorating financial venture apparently contributed to the decline of the domestic tranquil-ity of the Debtor and his wife. There was no other explanation or reason for the transfer of the stock or real estate except to shed those assets from the Debtor's financial worth, making these assets unavailable to satisfy the joint obligation with the Pic-Pac partners.

■ 11 U.S.C. § 544(b) vests in the Trustee the power to avoid pre-petition transfers by a Debtor of property which would be voidable under state law. *Virginia Code* Sections 55–80 and 55–81 provide that any gift, conveyance, assignment, or transfer of any real or personal property with intent to hinder, delay, or defraud creditors is void as to such creditors. The Trustee stands in the shoes of such creditors when a petition is filed in this Court. The transfer must be made with intent to hinder, delay, or defraud creditors. *See In re Decker*, 295 F.Supp. 501 (W.D.Va.1969). The proof must be clear, cogent, and convincing. *See Colonial Investment Co. v. Cherrydale*, 194 Va. 454, 73 S.E.2d 419 (1952). Certain facts are indicia of fraud, such as the relationship of the parties, the insolvency of the debtor, the consideration or lack of consideration for the transfer, and retention of the benefits of the transferred property, among others. *See Decker, supra.*

The evidence reflects that the Debtor owned all of the stock in the furniture store which was sought to be transferred to his wife in 1982, as well as the interest in the real estate as reflected in a financial statement exhibited in evidence. George Bailey, one of the joint venturers in the Pic-Pac Store, testified that the Debtor maintained at all times when the obligation was being renewed that he was unable to pay his share; that neither he nor the other parties knew of the transfer of the stock nor of the real estate until after the judgment was taken by the parties against the Debtor.

■ A review of the entire facts in the case is such that only one conclusion can be drawn therefrom, which is that the entire effort of the Debtor was to delay payment

of the joint obligation until virtually his entire assets were transferred to his wife in an effort to avoid the payment of the Debtor's proportionate share of the loss arising out of the Pic-Pac venture.

An Order will accordingly be entered adjudging that these transfers are voidable by the Trustee and constitute assets of this estate to be administered by the Trustee.

Service of a copy of this Order shall be made by mail to the Debtor/Defendant; Debtor's Attorney; Trustee/Plaintiff; and to Trustee's Counsel.